Barker v. Barker.

WILLIAM I. BARKER

v.

ELLEN BARKER.

[Filed August 14th, 1902.]

1. Where a suit for a divorce for adultery is not brought until twenty-five years after discovery of the infidelity, the delay is fatal, in the absence of some satisfactory excuse.

2. Where a husband delays bringing suit for divorce for adultery for twenty-five years after discovery of the wife's infidelity, the fact that she had been residing abroad and he in the United States during such time was no excuse for the delay.

3. *Gen. Stat. p. 405 § 172*, requires that when a defendant is not within the state, a copy of the notice of the order to appear shall be mailed "prepaid."—*Held*, that where it does not appear from the papers in the cause that the defendant has received notice, and the affidavit of substituted service does not show prepayment, the service is insufficient.

4. Chancery Rule 59 requires inquiry for residence of a defendant to be made of defendant's nearest relatives, if known.—*Held*, that where the affidavit, as to service, only shows inquiry of complainant's relatives and it does not appear whether defendant had notice in fact, the service is insufficient.

On exceptions.

STEVENS, V. C.

This is a suit for divorce on the ground of the adultery of the wife. The master reports that while there is some proof that she committed adultery in the year 1875, the complainant has lost his remedy by reason of his delay in prosecuting his suit, he having known of the adultery in the years 1875 or 1876. The relevant facts are, shortly, these:

The marriage took place in England in 1867. In 1869 the complainant came to this country. His wife followed shortly afterwards. According to complainant's account they lived together in Brooklyn for two years, and then his wife returned to England; he remained in this country. The defendant gave

birth to a child in November, 1875, at Belpar, in Derbyshire. The register describes it as complainant's child. He says that, hearing of the birth, partly for business reasons and partly to learn the truth of the report, he went to England in 1875 or 1876, and that while there his wife admitted to him her guilt. This admission was made not later than 1876, and the suit was not begun until July, 1901, or twenty-five years after he was fully apprised of the wrong that had been done to him. I think this delay is fatal. *Williamson* v. *Williamson, 1 Johns. Ch. 488; Cummins* v. *Cummins, 2 McCart. 138; Castleden* v. *Castleden, 9 H. L. Cas. 186.* The cases make a distinction between the degree of diligence required of a husband and that required of a wife. *Cummins* v. *Cummins, supra.* The former is required to be more diligent than the latter.

In the absence of express statute, it is indeed held that the delay may be explained, but then the explanation must be satisfactory. In *Mortimer* v. *Mortimer, 2 Hagg. Cons. 310, 313,* Lord Stowell uses the following language:

"The first thing which the court looks to, when a charge of adultery is preferred, is the date of the charge relatively to the date of the criminal fact charged and known by the party, because if the interval be very long between the date and the knowledge of the facts and the exhibition of them to this court, it will be indisposed to relieve a party who appears to have slumbered in sufficient comfort over them, and it will be inclined to infer either an insincerity in the complaint or an acquiescence in the injury, whether real or supposed, or a condonation of it. It therefore demands a full and satisfactory explanation of the delay in order to take it out of the reach of such interpretation."

In the case in hand it is true that defendant has been living in England and complainant in this country. But he knew where her residence was in 1876, and he has known, or could easily have ascertained, where she has been living ever since, and he was just as able to commence suit by publication then as now. The statute of limitations has no direct application, but if the statutory analogy is of any value, it is against, rather than in favor of, complainant's contention on this point, for

while in the case of personal actions which require service of process upon defendant the period of non-residence is not counted, in the case of actions of ejectment, where it may be dispensed with, it is.

It is said that the complainant was, by reason of poverty, unable to institute his suit sooner. But it appears, by affidavit on file relative to his wife's residence, that he began suit against her for desertion before he commenced this suit, and that, upon her putting in an answer, he discontinued it. It also appears that he had enough money to take a trip to England in 1876, and it cannot be doubted that out of his earnings he could easily have saved enough years ago to institute these proceedings had he been so inclined. He does not, therefore, give a full and satisfactory explanation of his delay. *Short* v. *Short, L. R. 3 Prob. & Div. 193.*

I may say that I agree with the master in thinking that the evidence in proof of the adultery is not very strong or satisfactory. It rests almost altogether in the wife's alleged confession. I may also add that the requirements of the statute and rules as to publication do not, affirmatively, appear to have been complied with in two particulars:

*First.* Section 172 of the Chancery act (*Gen. Stat. p. 405*) requires a copy of the notice of the order to appear to be mailed "prepaid." The affidavit does not show prepayment.

*Second.* Rule 59 requires the inquiry for residence to be made of the nearest relatives of the defendant, if known. The affidavit only shows inquiry of complainant's relatives. It does not appear from the papers whether the defendant has, in fact, received notice.

I think the exceptions to the master's report should be overruled.