Argued December 4, 1961, affirmed January 17, petition for rehearing denied February 13, 1962

## STATE OF OREGON v. SULLIVAN

368 P. 2d 81

*Charles Paulson,* Portland, argued the cause for appellant. With him on the brief were Peterson & Lent, Portland.

*Oscar D. Howlett,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief were Charles E. Raymond, District Attorney and Desmond D. Connall, Deputy District Attorney for Multnomah County, Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

SLOAN, J.

Defendant was convicted of sodomy. He appeals from the judgment of conviction. The evidence was revolting and will not be repeated. There is only one issue which requires discussion. The issue concerns testimony given by a former attorney of defendant, claimed to be privileged.

Prior to the actual trial of the case defendant had been represented by a lawyer other than the one who represented him at trial. The former lawyer was appointed by the court and later discharged by the court for some reason that does not appear in the record. We will refer to this former attorney as "the lawyer."

When the lawyer was engaged in investigating the facts of the case preparatory to defense he accompanied defendant to a rural area near Portland where defendant claimed the particular events occurred. This was outside of Multnomah county. They went to the scene to attempt to find a wad of facial tissue paper that was later to become a material exhibit on behalf of defendant at the trial. Whether the lawyer accompanied defendant only as a witness or as a combined witness and legal advisor was not disclosed. Presumably, it was in both capacities for any reputable citizen could have been a witness.

A wad of tissue was found. During the trial the lawyer was called as a witness by defendant to verify that the wad of tissue had been found and to identify it. When the lawyer testified the significance and materiality of the wad of tissue had not been presented in evidence. This was later revealed by defendant in his testimony. Defendant's testimony presented an issue of fact in respect to the tissue and an element of defense that had not been disclosed at any time prior to that moment in the trial. Defendant's claim for its significance had not before been revealed. It was an element in defense only in that it gave some credibility to defendant's claim that the victim had been a voluntary participant and had attempted to rob him during the course of events which precipitated this trial. He claimed that during a part of the time in question he had passed out from the effects of too much alcohol; that when he was in that condition his victim had taken a $100 bill from his wallet and secreted it in the wad of tissue. He testified that later he found the bill and threw the wad on the ground at the scene of the activity in dispute.

After defendant rested the state called the lawyer as its witness. He was questioned, over objection, as to communication between himself and defendant. He was asked if defendant had ever told him the same story in respect to the wad of tissue that defendant had told from the witness stand. The lawyer answered that he did not recall that defendant had told him the story of the alleged robbery of the $100 bill. It was claimed, of course, that this was a privileged communication and could not be related without defendant's consent. The state claimed that defendant had waived the privilege when the lawyer was called to the stand and questioned about the exhibit.

The state relies in part on ORS 44.040 (2) which provides that when "a party to an action suit or proceeding offers himself as a witness, it is deemed a consent to the examination also of a wife, husband, attorney  *  *  *" etc., on the same subject matter testified to by the party. The state contends that ORS 136.510 makes the waiver provisions available in a criminal case. ORS 136.510 provides that the "law of evidence in civil actions is also the law of evidence in criminal actions and proceedings . . . ."

■ Defendant argues that such a construction would violate constitutional rights in that it would deprive a defendant in a criminal case of effective right to counsel. We do not reach decision on that question. It is our view that when defendant called his former attorney as a witness he waived the privilege in respect to the specific subject matter that he called the attorney to testify about.

Defendant used the attorney as a witness to verify his story as to where the tissue was found. The attorney's testimony was material to the identity of the tissue. Then defendant proceeded to make a material issue concerning the exhibit; it was much in evidence before the jury. Consequently, every fact material to this tissue paper exhibit and its significance became material. It appears to us that it would be improper to use an attorney to give substantial evidence to a defendant's version of the facts and then seal the attorney's lips as to the facts that might be detrimental to defendant's story. In this case the court was very careful to limit the lawyer's testimony to the prime issue of the exhibit and its significance in the case.

We recognize that there is authority to the contrary. We have examined every case that can be found on the subject but find little that presents a problem

similar to the peculiar situation of this case. An opinion most nearly in point is a concurring opinion in *Mullen v. United States,* 263 F2d 275, 276 (CADC 1958). The Mullen case involved the testimony of a minister as to communication made to him in a confession of faith. However, we believe the view taken by Wigmore, (8 Wigmore, Evidence, McNaughton rev. 1961, § 2327, p 635 et seq.) is a proper working rule.

"What constitutes a *waiver* by *implication?*

"Judicial decision gives no clear answer to this question.* In deciding it, regard must be had to the double elements that are predicated in every waiver, i.e., not only the element of implied intention, but also the element of fairness and consistency. A privileged person would seldom be found to waive, if his intention not to abandon could alone control the situation. There is always also the objective consideration that when his conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not. He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or to disclose, but after a certain point his election must remain final. As a fair canon of decision, the following distinctions may be suggested:

"*     *     *     *     *

"(2) The client's offer of the *attorney's testimony* in the cause at large is not a waiver so far as the attorney's knowledge has been acquired casually as an ordinary witness. But otherwise it is a waiver for, considering that the attorney ought in general not to be used as a witness (§ 1911 *supra*), the client ought to be discouraged from utilizing his attorney in double and inconsistent capacities, and if he has seen fit to furnish him knowledge as a witness, he should deny himself the right to invoke the attorney's function as an adviser.

"*     *     *     *     *

"(4) The client's offer of his own or the attorney's testimony as to a *specific communication* to the attorney is a waiver as to all other communications to the attorney on the same matter. This is so because the privilege of secret consultation is intended only as an incidental means of defense, and not as an independent means of attack, and to use it in the latter character is to abandon it in the former.

"(5) The client's offer of his own or the attorney's testimony as to a *part of any communication* to the attorney is a waiver as to the whole of that communication, on the analogy of the principle of completeness (§ 2113 *supra*).

"* * * * *." (See McCormick on Evidence, 1954, Chapter 10. (Footnotes omitted).

Usually such additional inquiry should come by cross-examination. We wish to make it clear it would be a rare case where the state should be permitted to call as its own witness in rebuttal an attorney who has testified for a defendant. However, as we have pointed out, in this case the full materiality of the exhibit was not revealed until after the lawyer had testified. At the time the lawyer testified the state could have had no knowledge of the additional claims made for the exhibit and hence it had no opportunity to cross-examine the lawyer on the facts later put in evidence. The proper procedure in such a situation should be to seek permission of the court to recall the witness for further cross-examination after the additional testimony was presented in evidence. In this case we think the difference between calling the witness back for further cross-examination or calling him in rebuttal was not a material difference. It was not prejudicial error.

■ When, as here, a defendant in a criminal case sees fit to call his lawyer as a witness to a material fact

it follows, of course, that the lawyer will be subject to cross-examination. The extent of that examination must, of necessity, rest within the discretion of the trial court. See Selected Writings Evidence and Trial, Fryer ed., 1957, Chapter 4, 182, 203; Model Code of Evidence, American Law Institute, Rule 213. And the same discretion must apply in the unusual situation presented here when the lawyer is recalled by the state. In this case the trial court did not abuse its discretion in permitting the challenged testimony to be received.

The other assignments do not require discussion. Defendant received an eminently fair trial. Judgment affirmed.