Argued October 3, affirmed November 22, 1977

RHODES, *Respondent,*
*v.*
HARWOOD, *Appellant.*
(TC 73-1933, SC 24803)

571 P2d 492

Kenneth A. Morrow, of Morrow & McCrea, P.C., Eugene, argued the cause and filed the brief for appellant.

Stuart M. Brown, of Young, Horn, Cass & Scott, Eugene, argued the cause and filed the brief for respondent.

TONGUE, J.

**TONGUE, J.**

This is an action for damages for assault and battery. The case was tried before a jury, which returned a verdict in favor of plaintiff. Defendant appeals from the resulting judgment. We affirm.

This is the second time this case has been before this court. After a previous trial and judgment in favor of plaintiff, we reversed that judgment because of error in the admission of improper evidence and remanded the case for a new trial. *Rhodes v. Harwood,* 273 Or 903, 544 P2d 147 (1975). The facts of the case are set out briefly in that opinion (at 906). That statement of the facts is sufficient for the purposes of this appeal, in which defendant does not challenge the sufficiency of the evidence, but again contends that the trial court erred in rulings upon objections to evidence, in failing to grant defendant's motion for a mistrial, and in granting plaintiff's motion for a separate trial.

Defendant first assigns as error the sustaining of objections by plaintiff to questions asked by defendant on cross-examination of plaintiff. It appears that plaintiff's husband had filed a similar action and that after the previous trial plaintiff and her husband were divorced. In the cross-examination of plaintiff, and for the purpose of impeaching her credibility, defendant was permitted to ask whether the incident giving rise to these actions had any effect on her marriage. When plaintiff answered in the negative, defendant was permitted to impeach her by her deposition, in which she had made a contrary statement. Defendant was also permitted on cross-examination to inquire whether plaintiff and her husband were both afraid of guns, to which she answered in the affirmative. The incident giving rise to the assault involved the use of a gun by defendant.

Defendant then asked if on a specified date her husband and a friend were shooting a shotgun. Plaintiff objected to that question as involving a collateral

matter unless it was shown that plaintiff was present at that time. Instead of showing that plaintiff was present, defendant asked if she *knew* that he had fired a gun.

The court sustained plaintiff's objection to that question upon the ground that it was a collateral matter involving plaintiff's husband's case. Defendant contends that it was not collateral, but was relevant to support defendant's theory that the incident giving rise to this action "did not occur" and that "the whole thing was manufactured by plaintiff and her husband in a conspiracy to make two identical false claims."

■■ We agree with plaintiff's contention that whether plaintiff knew that her husband had fired a shotgun was a collateral matter within the test stated in *Coles v. Harsch,* 129 Or 11, 18, 276 P 248 (1929). We also believe that any possible relevance was so slight that the decision whether to permit or deny such a question on cross-examination was within the scope of the discretion allowed to trial judges in controlling the scope of cross-examination in such cases. *Cf. State v. Sullivan,* 230 Or 136, 142, 368 P2d 81, *cert denied* 370 US 957 (1962), and *Flande v. Brazel,* 236 Or 156, 160, 386 P2d 920 (1963).

■■ Defendant next assigns as error the failure of the court to sustain defendant's objection to a question by plaintiff on cross-examination of defendant's husband asking whether he had been at the house on the day the alleged assault by defendant upon plaintiff took place and whether he had an altercation with plaintiff at that time in which he told her to "get the hell" off the roof of that house and that he "was going to kick her rear end." Defendant's objection was that these questions went beyond the scope of the direct examination and were an attempt to impeach the witness on a matter outside the scope of the direct examination.

It appears from the record, however, that on the direct examination of defendant's husband, he had been asked, "At any time during that afternoon did

you go over to the rental house?" and had answered, "Yes." Thus, the cross-examination did not go beyond the scope of the direct examination. The questions were also proper to show the bias or hostility of the witness toward the plaintiff. *See* McCormick on Evidence 78-79, § 40 (2d ed 1972). In permitting these questions the trial judge did not abuse his discretion in controlling the scope and extent of cross-examination in such a case.

■■ Defendant's third assignment of error is that the trial court erred in failing to grant defendant's motion to strike a question asked by plaintiff's attorney, to instruct the jury to disregard it, and to grant a mistrial.

Plaintiff testified that in a complaint filed by her previously she had made a claim for permanent injuries, but that "I don't think they are [permanent] now." Plaintiff's attorney then asked the following question:

"Q  There was a prior trial in this case in October of 1974, and at that time did you testify that you did not think the injuries —."

At that point defendant made the motion subject to this assignment of error. Defendant says that by asking this question plaintiff's attorney violated a previous ruling by the trial court that no reference was to be made to the previous trial. Plaintiff, however, contends that after that ruling he had informed the court of his desire to "bring out to the jury [that] in a prior pleading there was a claim of permanent injury" and that defendant then said that he had "no objection."

It may be that the question by plaintiff's attorney, insofar as it refers to "a prior trial," was not necessary to "bring out" the prior claim of permanent injury and that, as a result, it was contrary to the previous ruling by the trial judge. Ordinarily, however, the decisions whether to admonish a jury to disregard an improper question and whether to allow a motion for a mistrial

[ 403 ]

are matters within the discretion of the trial judge, in the absence of some showing of abuse of discretion. *Cf. Troutman v. Erlandson,* 279 Or 595, 606, 569 P2d 575 (1977), and *Best v. Tavenner,* 189 Or 46, 55, 218 P2d 471 (1950). We do not believe that there was an abuse of that discretion in this case.

■ Defendant's final assignment of error is that the trial court erred in granting plaintiff's motion to separate her case and her husband's case for trial. The two cases had been consolidated for the purposes of the previous trial. Defendant says that plaintiff's attorney is now claiming collateral estoppel in the companion case and that "this all could have been avoided had the cases been consolidated for trial."

No claim of collateral estoppel appears of record in this case and that question is not before this court on this appeal. In any event, the question whether to grant separate trials or to consolidate civil cases for trial is another matter ordinarily left to the sound discretion of the trial judge, in the absence of some showing of abuse of discretion. *See Weiss v. Northwest Accept. Corp.,* 274 Or 343, 356, 546 P2d 1065 (1975). Again, we do not believe that there was an abuse of that discretion in this case.

The judgment of the trial court is affirmed.