Argued and submitted April 18, reversed June 20, 2001

Wayne WEBB
and Delores Rhodig,
*Respondents,*

*and*

Delbert Lee WEBB;
Etta Marie Webb;
and Miles Lane Webb,
*Plaintiffs,*

*v.*

Lavelle UNDERHILL,
*Appellant,*

*and*

NORTHWEST FARM CREDIT SERVICES, ACA,
successor in interest to
The Federal Land Bank of Spokane,
and John Does,
*Defendants.*

9700036CC; A108911

27 P3d 148

Jeffrey B. Wilkinson argued the cause for appellant. With him on the brief was Stewart Sokol & Gray, LLC.

Mark S. Womble argued the cause and filed the brief for respondent Wayne Webb. Lisa Amato joined him on the brief for respondent Delores Rhodig.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

## BREWER, J.

Defendant Lavelle Underhill appeals from a default judgment for plaintiffs Wayne Webb and Delores Rhodig in an action for the partition of real property. ORS 105.205. Underhill assigns error to three trial court rulings that preceded the entry of the default judgment: (1) the denial of her motion to dismiss this action under ORCP 21 A(3) on the ground that another action was pending between the same parties for the same cause;[1] (2) the grant of Webb's and Rhodig's motion for a default order; and (3) the denial of Underhill's motion to set aside the default order. Because we agree that the trial court erred in denying Underhill's motion to dismiss Webb's and Rhodig's complaint, we do not reach Underhill's other assignments of error. We reverse.

On March 4, 1997, Underhill filed an action against Webb and Rhodig in Wasco County Circuit Court (Case No. 017) seeking, among other claims for relief, partition of real property that the parties own as tenants in common. On May 2, Webb and Rhodig filed this action (Case No. 036) in the same court, seeking partition of the same property. The two actions involved the same parties, and the only claim made in Case No. 036 is identical—except for the reversal of parties— to the partition claim in Case No. 017.[2] Underhill was served with summons and complaint in Case No. 036 on May 2. Webb and Rhodig were not served in Case No. 017 until May 20.

On May 23, Webb and Rhodig moved to dismiss Case No. 017, based on the pendency of Case No. 036. On June 3, Underhill filed a motion to consolidate the two actions and, on June 5, Underhill filed a motion to dismiss Case No. 036 on the ground that her earlier-filed action was pending when Case No. 036 was commenced. The trial court denied both motions to dismiss and granted Underhill's motion to

---

[1] ORCP 21 A provides, in part, that "the following defenses may at the option of the pleader be made by motion to dismiss: * * * (3) that there is another action pending between the same parties for the same cause * * *."

[2] Northwest Farm Credit Services, ACA, which holds a lien against the property, is also a defendant in both actions but is not a party to this appeal.

consolidate the proceedings.[3] In February 1998, Webb and Rhodig moved for an order of default in Case No. 036 based on Underhill's failure to file an answer to the complaint. The trial court granted the motion and Underhill filed a motion to set aside the default order. The court denied that motion. In December 1999, Webb and Rhodig moved for and obtained a default judgment against Underhill in Case No. 036. Case No. 017 remains pending.

■     In her first assignment of error, Underhill asserts that the trial court erred in denying her motion to dismiss Case No. 036. Her argument is straightforward. She reasons that, because Case No. 017 was filed first and was pending when Webb and Rhodig filed Case No. 036 and because the two actions involve the same parties and the same claim, the trial court was required to dismiss Case No. 036. Webb and Rhodig reply that the court properly denied Underhill's motion to dismiss because service of summons and complaint was effected first in Case No. 036 and, alternatively, that the trial court was authorized to consolidate the two actions under ORCP 53 A.[4]

■     We first address Webb's and Rhodig's argument that the trial court did not err in denying Underhill's motion to dismiss Case No. 036 because service of summons and complaint occurred first in that case. Implicit in their argument is the premise that, because service had not yet been effected in Case No. 017, that action was not *pending*—as the term is used in ORCP 21 A(3)—when Underhill was served in Case No. 036. Webb's and Rhodig's argument presents a problem of statutory construction. Because the word "pending" is not defined in the Oregon Rules of Civil Procedure, we examine

---

[3] The court treated Underhill's motion to consolidate the cases as an *alternative* to her motion to dismiss. Webb and Rhodig do not dispute that characterization. Specifically, Webb and Rhodig do not contend that Underhill waived her motion to dismiss or that she otherwise is precluded from complaining about its denial in view of the court's allowance of her motion to consolidate the actions.

[4] ORCP 53 A provides:

"Upon motion of any party, when more than one action involving a common question of law or fact is pending before the court, the court may order a joint hearing or trial of any or all of the matters in issue in such actions; the court may order all such actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

its ordinary meaning and its context, including other relevant statutes and judicial decisions. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In ordinary terms, "pending" refers to the status of an action before a final decision on the merits. *Beetham v. Georgia-Pacific*, 87 Or App 592, 743 P2d 755 (1987); *see also Webster's Third New Int'l Dictionary*, 1669 (unabridged ed 1993) (pending means "not yet decided"). Although that meaning is useful in determining whether an action *remains* pending, it does not fully resolve the problem before us, which is to determine when an action *becomes* pending. The solution to that problem, however, is readily apparent from relevant contextual sources.

■   ORCP 3 provides that an action is commenced by the filing of a complaint rather than by service of summons.[5] An action becomes pending when it is commenced. *See Fremont Indemnity Co. v. Corbett*, 66 Or App 668, 672, 675 P2d 1097, *rev den* 297 Or 340 (1984) (holding that under ORCP 3, *lis pendens* attaches upon the filing of a complaint, because the action is pending). Therefore, after a complaint is filed, an action becomes pending, irrespective of the perfection of service of summons. *Id.* Because Case No. 017 was pending when Case No. 036 was commenced, it follows that the trial court erred in denying Underhill's motion to dismiss Case No. 036, unless the court nevertheless had discretion to consolidate the two actions.

■■   In order to resolve that question, we look to the function of a motion to dismiss under ORCP 21 A(3). We explained its relationship to the principles of claim preclusion in *Lee v. Mitchell*, 152 Or App 159, 953 P2d 414 (1998):

> "The rule replaces the previous plea in abatement on the same ground. * * *
>
> "* * * * *

---

[5] It is only when the statute of limitations is at issue that the service of summons affects the commencement date of an action. *See* ORS 12.020; *see also Seida v. City of Lincoln City*, 160 Or App 499, 502-03, 982 P2d 31, *rev den* 329 Or 357 (1999); *Mitchell v. Harris*, 123 Or App 424, 428-29, 859 P2d 1196 (1993).

"* * * [T]here has always been a close connection between abatement for another action pending and the claim preclusion doctrines of merger and bar * * *.

"The purposes of claim preclusion are to provide finality to the conclusion of a dispute and to prevent splitting a single dispute into separate controversies. It prevents requiring a party to litigate the same claim twice on the merits, either as a plaintiff or a defendant. Claim preclusion thus comes into play *after* the entry of a judgment in the first case. In contrast, dismissal under ORCP 21 A(3) is available *before* judgment in the first case, *if* that judgment would have a preclusive effect on the second case." *Id.* at 163-65 (citations omitted; emphasis in original).

The relationship between a motion to dismiss for another action pending and the doctrine of claim preclusion, as explained in *Lee*, reveals a fallacy in Webb's and Rhodig's argument. Because both partition claims involve the same claim for relief, only one party is entitled to judgment on those claims. Put differently, the first claim on which judgment is entered is entitled to a preclusive effect on the other. *Id.* at 165-66. Accordingly, *if* the trial court properly entered a default judgment in Case No. 036, Webb and Rhodig are entitled to dismissal of the partition claim in Case No. 017 on the ground of claim preclusion, *even though that action was pending when Case No. 036 was commenced.* However, such a result would violate the express mandate of ORCP 21 A(3). As we held in *Lee,* if entry of a judgment in an earlier action for the same cause would preclude the claims in a later-filed action, "the court should dismiss those claims." *Id.*; *see also Holmes v. Anthony,* 56 Or App 666, 668, 643 P2d 372, *rev den* 293 Or 235 (1982) (ORCP 21 A(3) "requires dismissal of a case if another action is pending between the same parties for the same cause"). Because ORCP 21 A(3) *requires* dismissal under the circumstances it specifies, we do not review trial court rulings on such motions for abuse of discretion; instead, we review them for errors of law. *Lee,* 152 Or App at 163.

■ It follows that the trial court did not have discretion to consolidate the two actions instead of dismissing Case No. 036. The logic of that conclusion is evident in the present circumstances. Instead of resolving the priority of the two

actions in accordance with ORCP 21 A(3), consolidation permitted the simultaneous litigation of duplicative claims. The fact that the actions were consolidated did not prevent their being duplicative. In fact, consolidation confused the situation by requiring the parties to file redundant pleadings in both actions in order to avoid the result that occurred here, *i.e.*, the entry of a default judgment in one action while the other remained pending. In short, consolidation was the wrong cure for the ailment of duplicative claims. Although ORCP 53 A permits the joint litigation of actions involving *common questions of law or fact*, it does not permit simultaneous prosecution of overlapping claims when one of the claims is subject to dismissal under ORCP 21 A(3). Accordingly, the trial court erred in denying Underhill's motion to dismiss Case No. 036.

Reversed.