No. 23     January 2, 2025     329

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Lela Ann WINES,
*Plaintiff-Appellant,*

*v.*

Teil Beth Hannah FREDEIC,
Personal Representative of the Estate of
Forrest Elwin Wines, Deceased,
*Defendant-Respondent.*

Jackson County Circuit Court
19CV08113, 17CV15521; A171113 (Control), A172403

Timothy C. Gerking, Judge. (General Judgment)

David G. Hoppe, Judge. (Supplemental Judgments)

Argued and submitted on May 10, 2023.

Rachele Selvig argued the cause for appellant. On the brief were Elizabeth W. Armitage and Cauble, Selvig & Whittington, LLP.

Edward Talmadge argued the cause and filed the brief for respondent. Also on the brief was Edward H. Talmage P.C.

Before Powers, Presiding Judge, Hellman Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Affirmed.

## ARMSTRONG, S. J.

In this consolidated appeal, plaintiff assigns error to an order denying her motion to consolidate two actions and to an order under ORCP 21 A(3)[1] dismissing the second of the two actions. We review the denial of a motion to consolidate actions for abuse of discretion, *Rhodes v. Harwood*, 280 Or 399, 404, 571 P2d 492 (1977), and the dismissal of an action under ORCP 21 A(3) for legal error. *Webb v. Underhill*, 174 Or App 592, 597, 27 P3d 148 (2001). Applying those standards, we affirm.

The relevant facts are procedural. Plaintiff filed an action against her son on April 17, 2017, alleging elder abuse, unjust enrichment, and constructive trust.[2] The trial court set the trial in the action for January 3, 2019. Plaintiff did not serve a copy of the complaint for elder abuse on the Oregon Attorney General within 30 days of filing the complaint, as required by ORS 124.100(6) (2015), *amended by* Or Laws 2019, ch 345, § 1, Or Laws 2021, ch 478, § 8.[3] Defendant moved to dismiss the elder-abuse claim for failure to serve the Attorney General, and the trial court granted the motion on January 2, 2019. The record reflects that the court and the parties understood that plaintiff intended to amend her complaint to reallege her elder-abuse claim and to timely serve a copy of the amended complaint on the Attorney General. The court reset the trial date from January 3, 2019 to April 16, 2019, to give plaintiff time to replead and serve the elder-abuse claim.

---

[1] ORCP 21 A was renumbered in 2022. The 2022 amendment to the rule has no bearing on our decision because we apply the law in effect at the time of the trial court's decision. *Peters v. C21 Investments, Inc.*, 322 Or App 462, 465 n 1, 520 P3d 920 (2022) (so noting). Accordingly, all references to ORCP 21 A(3) are to the rule as it existed when the court dismissed the second action. *Id*.

[2] Plaintiff's son died while this appeal was pending; the personal representative of his estate has been substituted as defendant in the action.

[3] An amended version of the statute took effect on January 1, 2020, after both complaints in this consolidated appeal were filed, so the amendments have no bearing on this case. Accordingly, all references to ORS 124.100(6) are to the 2015 version of the statute. The 2019 amendment of ORS 124.100(6) that took effect on January 1, 2020, replaced the requirement to serve the complaint on the Attorney General with a requirement to mail a copy of the complaint to the Attorney General at the time the action commences. Importantly, the amendment further provided that failure to mail a copy of the complaint to the Attorney General "is not a jurisdictional defect and may be cured at any time prior to entry of judgment."

Instead of filing an amended complaint in the original action, plaintiff filed a new action on February 20, 2019, that alleged an elder-abuse claim and claims to set aside and to invalidate a deed.[4] The new action was assigned to a different judge from the judge assigned to the original action. On April 3, 2019—13 days before the rescheduled trial in the original action—plaintiff filed a motion to consolidate the two actions. The trial court in the original action denied the motion, principally on the ground that consolidation would require the court to postpone the scheduled April 16 trial in the original action, and, in view of the age of the original action and the readiness of the court and parties to try that action, the court was unwilling to do that.

The parties tried the claims in the first action, as scheduled, which resulted in a verdict in favor of defendant, on which the court later entered judgment. The court thereafter dismissed the second action under ORCP 21 A(3) on the ground that the claims alleged in that action came within the same cause of action as the claims in the original action. Plaintiff appealed the judgments in both actions, which were consolidated for appeal.

In her first assignment of error, plaintiff contends that the trial court erred in denying her motion to consolidate her two actions. ORCP 53 A gives a trial court broad discretion to consolidate actions "when more than one action involving a common question of law or fact is pending before the court." *See also Rhodes*, 280 Or at 404 ("[W]hether * * * to consolidate civil cases for trial is [a] matter ordinarily left to the sound discretion of the trial [court]."). Under the abuse-of-discretion standard, we will affirm a trial court's consolidation ruling so long as it "is within the range of legally correct choices and produces a permissible, legally correct outcome," taking a "broad and pragmatic" view of those legally correct choices. *State v. Kindler*, 277 Or App 242, 250, 370 P3d 909 (2016) (internal citations and quotations marks omitted).

---

[4] Plaintiff apparently chose to file her elder-abuse claim in a new action, rather than including it in an amended complaint in the original action, because ORS 124.100(6) (2015) required elder-abuse claims to be served on the Attorney General within 30 days of the filing of an action alleging such a claim, and the time to do that had passed in the original action.

Here, the trial court did not abuse its discretion when it declined to consolidate the two actions. Plaintiff took three months from the order dismissing her elder-abuse claim to file a new action and move to consolidate it with the original action, which consolidation motion, if granted, would have required the court to again postpone the trial of the original action, which was set for trial on a date two years after the action had been filed. The parties and the court were prepared to try the original action as scheduled, and the court was unwilling to adjust its docket to accommodate a trial of the newly filed claims in the second action. The considerations that led the court to deny the consolidation motion were legally permissible considerations and, hence, the trial court did not abuse its discretion in denying the motion.[5]

In her second assignment of error, plaintiff contends that the trial court erred in granting defendant's motion to dismiss the second action under ORCP 21 A(3). At the time of the dismissal, ORCP 21 A(3) provided for dismissal of a case when "there is another action pending between the same parties for the same cause." As noted, plaintiff's original action alleged three claims, including one for elder abuse. Seven weeks after the trial court dismissed the elder-abuse claim because plaintiff had failed to timely serve the Attorney General, plaintiff filed a second action alleging the elder-abuse claim and two additional claims. The claims in the second action, as plaintiff's trial counsel correctly acknowledged, involved "the same plaintiff, same defendant and related to the same series of events." That is,

---

[5] We acknowledge that, under *Webb*, 174 Or App 592, trial courts lack authority under ORCP 53 A to consolidate actions that involve the same cause of action. The premise for that principle is that ORCP 21 A(3) is intended to require parties to assert claims comprising a single cause of action in one action rather than separating them into two or more actions and that allowing consolidation of a later-filed action containing such claims, rather than dismissal of the action, would undercut the rule. *Webb*, 174 Or App at 596-98. However, plaintiff's failure to timely serve the Attorney General with her original complaint arguably prevented her from adding her elder-abuse claim to the original action after the court dismissed that claim from the action. Rather than decide whether *Webb* nonetheless required the court to deny plaintiff's consolidation motion as a matter of law because the court lacked authority to grant the motion, we have assumed under the peculiar circumstances of this case that the court had discretion to grant the motion and have applied an abuse-of discretion standard of review to the court's ruling on the motion.

the two actions dealt with "the same parties for the same cause." ORCP 21 A(3).

The general principles of claim preclusion inform our determination whether ORCP 21 A(3) should apply to "another action pending between the same parties for the same cause." *Borough v. Caldwell*, 314 Or App 62, 67, 497 P3d 766, *rev den*, 368 Or 787 (2021). As we have stated, both claim preclusion and ORCP 21 A(3) "prevent[] requiring a party to litigate the same claim twice on the merits," with claim preclusion available "*after* the entry of a judgment in the first case" and "dismissal under ORCP 21 A(3) * * * available *before* judgment in the second case, if [the judgment in the first case] would have a preclusive effect on the second case." *Lee v. Mitchell*, 152 Or App 159, 165, 953 P2d 313 (1998) (emphases in original). An action is considered pending for purposes of dismissal under ORCP 21 A(3) as soon as the complaint in the action is filed. *Webb*, 174 Or App at 596.

Here, because the court had not entered a judgment in the original action when it granted the motion to dismiss the second action, both actions were pending when the court granted the dismissal motion under ORCP 21 A(3). *See Webb*, 174 Or App at 596. Because the actions dealt with the same parties and cause of action, the forthcoming entry of judgment in the original action would have had a preclusive effect on the claims in the second action. *See Lee*, 152 Or App at 165-66 (so noting). Accordingly, the trial court did not err in dismissing plaintiff's second action under ORCP 21 A(3).

Affirmed.