# BEETHAM et al,
*Appellants,*

*v.*

# GEORGIA-PACIFIC CORP.,
*Respondent.*

## (86-1250; CA A41853)

743 P2d 755

Susan P. Graber, Portland, argued the cause for appellant. With her on the briefs were Phillip D. Chadsey and George K. Meier, III, Portland.

Jeffrey J. Druckman, Portland, argued the cause for respondent. With him on the brief were Clifford N. Carlsen, Jr., James N. Westwood and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiffs appeal the dismissal of this action for tortious interference with an economic relationship and defamation. The trial court dismissed the case on the ground that there was another action pending on the same cause., ORCP 21A(3). We affirm.

In 1981, plaintiffs sued defendant in federal court, alleging various federal antitrust violations. They also alleged pendent state law claims for interference with an economic relationship and for defamation. In 1986, the federal court held that plaintiffs did not have "antitrust standing" to bring their federal claims and dismissed those claims. Thereafter, it also dismissed the state law claims for lack of jurisdiction, finding neither diversity of citizenship nor any remaining basis for pendent jurisdiction. The federal court entered its judgment on July 3, 1986. Plaintiffs filed this case on July 8, asserting the same state claims that the federal court had dismissed. On July 23, they appealed the dismissal of the federal case, including the pendent state claims, to the Ninth Circuit Court of Appeals. Defendant then moved in state court for dismissal of this case. The trial court granted the motion, and plaintiffs assign that ruling as error.

■    Plaintiffs' primary argument is that the federal court's judgment is *res judicata* on the issues that it decided, unless it is later reversed or modified on appeal.[1] Because the federal court held that it did not have jurisdiction of the state claims, plaintiffs argue, the federal case is no longer "pending," as ORCP 21A(3) uses that term. There is some support for plaintiffs' position. *See Solarana v. Indust. Electronics,* 50 Haw 22, 428 P2d 411 (1967); *see also* 1 Am Jur 2d 52-54, "Abatement, Survival and Revival," § 15; 1 CJS 118-19, "Abatement and Revival," §§ 74-75. That authority, however, often misses the point and introduces unnecessary complexity to an inherently simple concept. Some cases distinguish between an appeal, the mere filing of which acts as a *supersedeas* and stays the judgment and one which leaves the judgment in effect; others distinguish between defective and proper appeals and between different kinds of affirmances and reversals. Those distinctions reflect a misconception of the

---

[1] The Ninth Circuit affirmed the federal trial court in an unpublished decision shortly before oral argument of this appeal.

issue. Whether a judgment is final for *res judicata* purposes does not control whether the case in which the judgment was entered is still pending.

■　　ORCP 21A(3) requires dismissal if there is "another action *pending* between the same parties for the same cause[.]" (Emphasis supplied.) A case in which the merits remain in dispute at some judicial level is necessarily pending. That conclusion is implicit in the law governing appeals. ORS 19.033(1) provides that, when a notice of appeal is served and filed, "the Supreme Court or the Court of Appeals shall have jurisdiction of the cause," subject to the trial court's power with respect to certain ancillary matters. Although the federal statutes are not as clear, federal cases reach the same result. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 US 56, 58, 103 S Ct 400, 74 L Ed 2d 225 (1982); *see also Lloyd v. Lawrence,* 60 FRD 116 (SD Tex 1973); 9 *Moore's Federal Practice* ¶ 203.11.

■　　Although jurisdiction has passed from the trial to the appellate court by the filing of a notice of appeal, the case is still pending. Even if, as plaintiffs argue, the trial court's judgment were *res judicata* in other litigation until it is reversed or modified on appeal, *see Ron Tonkin Gran Turismo v. Wakehouse Motors,* 46 Or App 199, 207-08, 611 P2d 658, *rev den* 289 Or 373 (1980), that does not mean that the case is no longer pending. It is merely pending in a different court. There is no greater reason to allow duplicate lawsuits when one of the cases is on appeal than when both are still in trial courts.

　　The federal district court's judgment in this case did not resolve the merits of plaintiffs' claim but held only that the federal court lacked jurisdiction over them. However, the state issues were still pending in federal court. Plaintiffs sought reversal of the district court's holding on jurisdiction and, thus, sought an opportunity to have their state law claims resolved in federal court. Those state claims, therefore, were pending in the federal appellate court at the time that defendant moved to dismiss this case. The trial court properly granted defendant's motion.[2]

---

[2] Plaintiffs assert that we should reverse the trial court, because their claims may

Affirmed.

otherwise be barred as untimely under the Statute of Limitations. ORS 12.220 gives plaintiffs a year after the Ninth Circuit issues its mandate to refile the claims in the state courts. *See Wolfe Investments v. Shroyer,* 249 Or 23, 25, 436 P2d 554 (1968).