Argued and submitted December 7, 1994, reversed and remanded July 19, 1995

## Carl A. PETERSEN,
*Appellant,*

*v.*

## Jim GANGLE,
Patricia Siegmund and Lane County,
a political subdivision of the State of Oregon,
*Respondents.*

(16-93-08725; CA A84333)

899 P2d 725

H. Thomas Evans argued the cause and filed the briefs for appellant.

David B. Williams argued the cause for respondents. With him on the brief was Lane County Office of Legal Counsel.

Before Riggs, Presiding Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Riggs, P. J., *vice* Rossman, P. J.

## De MUNIZ, J.

Plaintiff appeals from a judgment entered after the court granted defendants' cross-motion for summary judgment and denied plaintiff's motion for summary judgment. The judgment foreclosed plaintiff's interest in certain real properties for failure to pay property taxes, subject to plaintiff's right of redemption and payment of interest. We reverse and remand.

Summary judgment is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Welch v. Washington County*, 314 Or 707, 713, 842 P2d 793 (1992). We view the facts in the light most favorable to the nonmoving party. *Id.*

In 1991, plaintiff owned several properties in Lane County that were subject to foreclosure for nonpayment of property taxes. Plaintiff's prior bankruptcy had stayed foreclosure of the properties, but unpaid property taxes had continued to accrue during the bankruptcy proceedings. When the bankruptcy proceedings were completed, the stay on the foreclosure action was removed. The property tax payments for five of plaintiff's properties were 11 to 13 years in arrears. In June and July 1991, defendants notified plaintiff that the properties would be foreclosed if plaintiff did not pay the unpaid property taxes.[1] Plaintiff received defendants' notice, but did not pay the unpaid property taxes.

In August 1991, defendants commenced foreclosure proceedings on the properties. They sent a magnetic tape containing a list of the properties that were to be foreclosed to the Eugene *Register-Guard* for publication. *See* ORS 312.040. The published foreclosure notice omitted unpaid taxes for several years on five of plaintiff's properties.[2] Nevertheless, defendants based their foreclosure complaint on the erroneous amounts in the published notice. On September 17, 1991, the court entered a judgment (1991 judgment) based on those amounts, corrected only for payments made during the foreclosure proceedings.

---

[1] Defendants notified plaintiff by first class and certified mail.

[2] Defendant Siegmund asserts in an affidavit that the omissions occurred because the number of years of unpaid taxes exceeded the number for which the *Register-Guard's* foreclosure printing program was designed.

Plaintiff subsequently sought to redeem the five properties for the amounts based on the 1991 judgment.[3] Defendants refused plaintiff's tender and required plaintiff to pay the omitted amounts, plus the amounts based on the judgment, to redeem the properties.[4] Plaintiff redeemed three of the properties by paying the amounts that defendants requested.[5] He offered to pay the amounts based on the 1991 judgment to redeem two other properties, and defendants refused his tender.[6]

In October 1993, plaintiff filed this action to obtain an order requiring defendants to issue him certificates of redemption for the three properties for which he paid the amounts requested by defendants. He also sought an order from the court requiring defendants to credit his property tax accounts for the amounts he paid above the amounts in the 1991 judgment. Finally, he sought an order requiring defendants to accept his tender of the amounts in the 1991 judgment to redeem the other two properties.[7] In a counterclaim, defendants sought foreclosure of the five properties, subject to plaintiff's right to redeem them for the amounts omitted from the 1991 judgment.[8]

---

[3] The real property tax account numbers for the five properties are 1123940, 1123965, 141703, 413946 and 407138. Plaintiff tendered the following amounts, which include interest and penalties, to redeem the properties: $1,969.44 for 1123940; $1,962.63 for 1123965; $20,085.35 for 141703; $10,632.67 for 413946; $9,414.59 for 407138. Defendants do not dispute those amounts.

[4] Plaintiff asserts that defendants demanded $7,759.86 to redeem the property represented by account number 1123940; $7,617.33 for account number 1123965; $25,563.55 for account number 141703; $13,129.34 for account number 413946; and $10,407.65 for account number 407138.

[5] Plaintiff paid the amounts demanded by defendant for account numbers 141703, 413946 and 407138. Defendants admit that plaintiff paid under protest the amounts they demanded for account numbers 141703 and 407138.

[6] Those two other properties were represented by property tax account numbers 1123940 and 1123965.

[7] Plaintiff sought an order requiring defendants to issue him a certificate of redemption for the properties represented by account numbers 1123940 and 1123965 upon his tender of the amounts required by the 1991 judgment to redeem them. For the properties represented by account numbers 141703, 413946 and 407138, he sought an order requiring defendants to credit his accounts for $5,478.20, $2,496.67 and $993.06, respectively, as well as to issue certificates of redemption.

[8] Defendants sought to foreclose the properties subject to plaintiff's right to redeem them for the following amounts: $7,933.90 for account number 1123940; $7,788.15 for account number 1123965; $5,478.20 for account number 141703;

The court first denied defendants' motion to dismiss. It later denied plaintiff's motion for summary judgment and granted defendants' cross-motion for summary judgment. The order on summary judgment stated:

"IT IS HEREBY ORDERED that Plaintiff's Motion For Summary Judgment be, and the same hereby is, denied.

"IT IS FURTHER ORDERED that Defendants' Cross Motion For Summary Judgment be, and the same hereby is, granted. *Drews v EBI Companies*, 310 Or 134, 141 (1991); Restatement (Second) of Judgments, Section 26 (1982)."

In a subsequent judgment based on that order, the court foreclosed plaintiff's interest in the five properties, subject to plaintiff's right of redemption, transferred ownership to the tax collector and dismissed plaintiff's claims. It concluded that defendants' counterclaim concerning the properties for which plaintiff paid the amounts omitted from the 1991 judgment was moot because of the dismissal of plaintiff's claims. It also awarded costs to defendant as provided by ORCP 68. Plaintiff appeals and defendants cross-assign error to the denial of their motion to dismiss.

Plaintiff makes two assignments of error. In his first assignment, plaintiff argues that the court erred in denying his motion for summary judgment, because he was entitled to a certificate of redemption, under ORS 312.120, upon payment of the 1991 judgment plus penalties and interest. He asserts that the 1991 judgment is the final determination of the parties' rights, pursuant to ORCP 67 A and, consequently, that defendants cannot demand more than the amounts in it. In his second assignment, plaintiff argues that the court erred in granting defendants' cross-motion for summary judgment. He asserts that claim preclusion barred defendants' counterclaim.

Defendants concede that "the usual rules of claim preclusion would appear to have made the 1991 foreclosure judgment binding on both parties." However, they argue that an exception to the rules of claim and issue preclusion applies

$2,401.21 for account number 413946; and $910.62 for account number 407138. They sought to require that plaintiff pay the amounts in the 1991 judgment, plus the omitted amounts, to redeem the properties.

and allows their counterclaim. They assert that the exception, contained in *Restatement (Second) of Judgments* § 26(1)(d) (1982), prevents giving preclusive effect to the 1991 judgment, because such a result is consistent with a fair and equitable implementation of the statutory scheme for tax collection. Although we often look to the *Restatement (Second) of Judgments* for guidance in deciding questions of claim and issue preclusion, we are not bound by it. *Compare Rennie v. Freeway Transport*, 294 Or 319, 656 P2d 919 (1982) (following various provisions of the *Restatement (Second) of Judgments* concerning claim-splitting) *with Whitaker v. Bank of Newport*, 313 Or 450, 460, 836 P2d 695 (1992) (concluding that court's case law was more helpful in resolving question than illustrations in the *Restatement (Second) of Judgments*).

The first question is what right, if any, did plaintiff have regarding the 1991 judgment. Plaintiff alleged in his complaint that he had tendered the amounts owed in the 1991 judgment, plus appropriate interest and penalties for some of the properties. He further alleged that he tendered the amounts demanded by defendants on other properties. He sought an order requiring that defendants credit his property tax accounts for the amounts he tendered, pursuant to their demand, that exceeded the amounts he owed based on the 1991 judgment. *See* n 7. He also sought an order requiring that defendants issue him certificates of redemption on the properties for which he tendered payments based on the 1991 judgment. *See id.* In essence, plaintiff attempted to comply with the 1991 judgment and sought enforcement of the statutes regarding redemption following property tax foreclosure sales. *See* ORS 312.005 to ORS 312.990.

Defendants did not seek relief from or appeal the 1991 judgment. *See* ORCP 71; ORS 19.010. In their answer to plaintiff's complaint, defendants admit plaintiff's allegations concerning the amounts plaintiff tendered to them. ORS 312.120 provides, in part:

"(2) * * * [A]ny person having an interest in the property at the date of the judgment and decree of foreclosure, * * * may redeem the property by payment of the full amount applicable to the property under the judgment and decree, with interest thereon as provided by law, plus a penalty of

five percent of the total amount applicable to the property under the judgment and decree and a fee of $50 * * *.''

That statute indicates that plaintiff had a right to redeem the properties for the amounts based on the 1991 judgment. In addition, ORS 312.130 provides, in part:

"The receipt of redemption money by the tax collector *shall* operate to release all claims of the county, under the judgment and decree of foreclosure, to the property so redeemed. The tax collector, on receipt of the redemption money, immediately *shall* make the proper entries in the records of the office of the tax collector showing that the delinquent taxes, interest and penalty have been paid and that the property has been redeemed from the sale to the county, and the tax collector *shall deliver to the person redeeming the property a certificate of redemption* * * *." (Emphasis supplied.)

The legislature's use of the mandatory word ''shall'' indicates that defendants were required to issue plaintiff a certificate of redemption when he paid the amounts based on the 1991 judgment. In short, the combined effect of ORS 312.120 and ORS 312.130 is that plaintiff had a right to redeem the properties for the amounts based on the 1991 judgment and defendants were required to accept his tender of those amounts and to issue him certificates of redemption upon payment. *Cf. Portland Meadows v. Mult. County*, 249 Or 629, 632, 439 P2d 1017 (1968) (plaintiff had right to performance of the particular duty imposed by judgment and sought to be enforced).

The next question is whether the exception contained in subsection (1)(d) of section 26 of the *Restatement (Second) of Judgments* is a rationale for preventing plaintiff from enforcing the 1991 judgment and his rights under ORS 312.120 and ORS 312.130. Section 26 provides, in part:

"(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

"* * * * *

"(d) The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his

claim * * *." *Restatement (Second) of Judgments* § 26(1)(d) (1982).

Each party cites a different comment following that subsection in support of its argument. Plaintiff argues that *comment j* indicates that the exception contained in paragraph (1)(d) should only be applied when a party omits part of a claim because of an opposing party's fraud or misrepresentation. *See Restatement (Second) of Judgments* § 26(1)(d), *comment j* (1982). Plaintiff asserts that the exception does not apply, because defendants' negligence, not plaintiff's misrepresentation or fraud, caused defendants to omit unpaid taxes from the foreclosure.

Defendants respond that *comment e* indicates that the exception must be applied to prevent the unfairness of shifting plaintiff's unpaid tax burden to other taxpayers. *See id., comment e*. Their argument apparently derives from illustration 4, following the comment. That illustration presents a situation in which the superintendent of banks sues and recovers a statutory assessment on the one share of stock in an insolvent bank that had not been transferred before the bank closed. Separate shareholder litigation determines that the bank is also liable for the statutory assessment on shares that were presented but not transferred when it closed. The superintendent brings a second action to recover the statutory assessment on the presented but not transferred shares. The judgment from the first action does not preclude the second action, because "the policy that none should benefit by mistake or even misconduct of [a] public official, predominates." *Id.*, illustration 4 at 239.

As an initial matter, we agree with plaintiff that *comment j* does not provide a rationale for applying the exception contained in paragraph (1)(d) of section 26 of the *Restatement (Second) of Judgments* here. *Comment j* is not helpful, because there is no allegation that plaintiff's fraud or concealment prevented defendants from obtaining the relief they now seek. Resolution of the case thus turns on the applicability of *comment e* and illustration 4.

Defendants assert, without explaining why, that giving preclusive effect to the 1991 judgment will inhibit fair and equitable tax collection. They do not assert that the 1991

judgment affects the assessment of property taxes in Lane County or the amount of property taxes collected from other Lane County taxpayers in any way. Lane County property tax payers will only be treated inequitably insofar as plaintiff is not required to pay property taxes on five of his properties for the years defendants omitted from their foreclosure complaint and judgment.

As noted earlier, we may look to the *Restatement (Second) of Judgments* for guidance, but we are not bound by it. We decline to follow *comment e* and illustration 4 here. Plaintiff had certain rights under the 1991 judgment and was entitled to enforce them. The policies of efficient use of judicial resources and finality weigh heavily in favor of enforcement of the 1991 judgment and support plaintiff's reliance upon it. *See Drews v. EBI Companies*, 310 Or 134, 141, 795 P2d 531 (1990). Plaintiff's failure to pay property taxes is reproachable, but that does not excuse defendants' omissions.[9] Under these circumstances, it would be inequitable and inefficient to allow defendants to avoid or modify the 1991 judgment. Therefore, we conclude that the exception contained in *comment e* of section 26 of the *Restatement (Second) of Judgments* does not provide a reason to prevent us from giving preclusive effect to the 1991 judgment. The court erred in granting defendants' cross-motion for summary judgment.

Defendants' cross-motion for summary judgment addressed only the issue of the effect of the 1991 judgment. Because the court granted defendants' cross-motion, it did not address the issue necessarily raised in plaintiff's motion for summary judgment concerning credits for the amounts plaintiff had paid that exceeded the amounts contained in the 1991 judgment. Accordingly, we remand for the court to address that issue.

In their cross-assignment, defendants assert that mandamus and injunctive relief may only be granted where there is no other adequate remedy. They assert that "plaintiff seeks relief from the acts of the Lane County Assessor." They

---

[9] There is no evidence in the record that plaintiff deliberately allowed the 1991 judgment to be entered as a ruse to redeem the properties without paying all the property taxes owing.

argue that the court erred in denying their motion to dismiss, because administrative appeal to the Department of Revenue and further appeal to the Tax Court provided plaintiff with adequate alternative remedies.[10] *See* ORS 305.275; ORS 305.560. That argument is misplaced, because plaintiff is not seeking relief from an act of the Lane County Assessor. As we noted above, plaintiff is attempting to enforce the 1991 judgment and his statutory right of redemption under ORS 312.120. Accordingly, the court did not err in denying defendants' motion to dismiss.

Reversed and remanded.

---

[10] Defendants also assert that plaintiff did not follow the appropriate statutory procedure for a mandamus claim. However, they assert that "[w]hether the complaint is one seeking mandamus or injunctive relief is * * * insignificant." That statement indicates that defendants are not arguing that the court erred in denying their motion to dismiss because of a pleading defect. Even if defendants are making that argument, we reject it. *See Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 678, 780 P2d 779 (1989).