Submitted April 1, motion to dismiss denied, vacated and remanded July 7, 2016

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA;
Kara Lou Barnes; State of Oregon;
and occupants of the premises,
*Defendants,*

*and*

Timothy R. BARNES,
aka Timothy Ross Barnes,
*Defendant-Respondent.*

Polk County Circuit Court
14CV06590; A160130

380 P3d 1186

Calvin Knickerbocker, Scott Grigsby, and RCO Legal, P.S., filed the briefs for appellant.

Timothy Barnes filed the brief *pro se*.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**GARRETT, J.**

Plaintiff, the Federal National Mortgage Association (Fannie Mae), appeals a judgment of the trial court that dismissed plaintiff's complaint pursuant to ORCP 21 A(3) (providing for dismissal when "there is another action pending between the same parties for the same cause"). Reviewing for legal error, *Eli v. Lampert (A116201)*, 194 Or App 280, 282, 94 P3d 170 (2004), *rev den*, 338 Or 57 (2005), we conclude that the trial court applied an incorrect standard in dismissing the complaint. We, therefore, vacate and remand for further proceedings.

The relevant facts are mostly procedural and are not in dispute. Defendant, Barnes,[1] obtained a mortgage loan in November 2007 and went into default in September 2010. In 2011, Barnes sued several parties, including the original lender and Fannie Mae (the successor), in the United States District Court for the District of Oregon, alleging violations of the federal Truth in Lending Act (TILA). Specifically, the district court construed Barnes's complaint as requesting relief in the form of (1) rescission of the mortgage loan; (2) declaratory judgment that neither Fannie Mae nor any other defendant has a valid security interest in the real property; (3) statutory and actual damages in connection with defendants' purported failure to provide adequate notice of Barnes's right to rescind; (4) statutory and actual damages in connection with the failure to effect rescission after Barnes gave notice of his intention to exercise that right; and (5) injunctive relief to prevent defendants from taking certain steps, initiating nonjudicial foreclosure proceedings. *Barnes v. Chase Home Finance, LLC*, No CV 00142-PK (D Or Jul 8, 2013).

The district court granted summary judgment in favor of Fannie Mae and the other defendants on the ground that, because Barnes's attempt to rescind the mortgage loan was untimely and Fannie Mae's "obligation to rescind Barnes' loan was never triggered," Barnes had no right to damages under TILA. *Id.* at 8-9. The district court dismissed

---

[1] We ordinarily would refer to Fannie Mae and Barnes as "plaintiff" and "defendant," respectively. Because their roles are reversed in the federal action, however, we use their actual names in order to avoid confusion.

Barnes's complaint with prejudice on July 8, 2013. *Id.* at 1. On August 6, 2013, Barnes filed his notice of appeal to the United States Court of Appeals for the Ninth Circuit. That appeal remains pending.

On June 6, 2014, Fannie Mae filed this action for foreclosure in Polk County Circuit Court. Barnes moved to dismiss on multiple grounds, among them ORCP 21 A(3), arguing that "another action is pending between the same parties for the same cause, the validity and enforcement of instruments to foreclose real property." Following a hearing, the trial court denied most of Barnes's motions but granted his motion to dismiss under ORCP 21 A(3). The basis for that ruling was the trial court's conclusion that the outcome of the federal TILA action could have claim-preclusive and/or issue-preclusive effect in the state foreclosure action. As we understand it from the hearing transcript, the trial court reasoned that, if Barnes's federal demand for rescission is ultimately denied, Barnes would presumably be precluded from asserting rescission as a defense to Fannie Mae's state foreclosure action; similarly, if Barnes's claim for rescission were to succeed, that would presumably prevent Fannie Mae from successfully pursuing foreclosure. Accordingly, the trial court entered a judgment of dismissal without prejudice on July 21, 2015. Fannie Mae appeals.[2]

In its first assignment of error, Fannie Mae argues that the trial court misapplied ORCP 21 A(3). That is so, according to Fannie Mae, because the federal TILA action is not "for the same cause" as the state foreclosure action.[3] In a second assignment of error, Fannie Mae argues, in the

---

[2] Barnes filed a motion to dismiss the appeal on the ground that Fannie Mae lacks standing to initiate the action and prosecute the appeal. Having reviewed that motion, we conclude that Barnes's arguments are not well taken, and deny the motion.

[3] Fannie Mae also argues that the other action between the parties—the federal TILA action—is no longer "pending" because the District Court entered a final judgment of dismissal, which has preclusive effect notwithstanding Barnes's appeal to the Ninth Circuit. That argument fails. In *Beetham v. Georgia-Pacific Corp.*, 87 Or App 592, 743 P2d 755 (1987), we explained that "[w]hether a judgment is final for *res judicata* purposes does not control whether the case in which the judgment was entered is still pending" for purposes of ORCP 21 A(3). *Id.* at 595. Rather, a "case in which the merits remain in dispute at some judicial level is necessarily pending." *Id.* Thus, Barnes's federal TILA action remains "pending," albeit in a different court, the Ninth Circuit.

alternative, that the trial court should have stayed the action pending conclusion of the federal TILA action. As explained below, we agree that the trial court erred in granting the motion to dismiss based on its application of an incorrect legal standard. Where, as here, the plaintiff is a *defendant* in another pending action, ORCP 21 A(3) does not authorize dismissal of the plaintiff's claim unless it either was required to be asserted as a counterclaim or necessarily will be adjudicated in the other action.

We begin with a discussion of the legal principles underlying the trial court's decision. The question under ORCP 21 A(3) of whether another action pending is for the "same cause" is informed by the doctrines of claim and issue preclusion:

> "In *Lee v. Mitchell*, 152 Or App 159, 164, 165, 953 P2d 414 (1998), we recognized that a dismissal for another action pending under ORCP 21 A(3) furthers the same purpose as that underlying the application of general claim preclusion principles—*viz.*, to 'prevent[] requiring a party to litigate the same claim twice on the merits.' Thus, there is a 'close connection' between dismissal under ORCP 21 A(3) and the claim preclusion doctrines of merger and bar, and 'determining whether either applies involves similar considerations.' *Lee*, 152 Or App at 164-65. Accordingly, '[i]f entry of a judgment in the other pending actions would preclude plaintiffs from asserting any claims in this case, the court should dismiss those claims.' *Id.* at 166 (footnote omitted)."

*Ram Technical Services, Inc. v. Koresko*, 240 Or App 620, 630, 247 P3d 1251 (2011) (brackets in original).

In *Ram Technical Services, Inc.*, we went on to explain that the determination of whether "entry of a judgment" in another pending action would "preclude plaintiff[] from asserting any claims in this case" is guided by claim-preclusion principles. *Id.* Those principles are aimed at preventing claim-splitting and generally "'foreclose[] a party who has litigated a claim against another from further litigation on that same claim.'" *Id.* (quoting *G. B. v. Morey*, 229 Or App 605, 608-09, 215 P3d 879 (2009), *rev den*, 347 Or 608 (2010) (explaining that, in this context, "claim" is "defined broadly as a group of facts which entitled the plaintiff to

relief")). Thus, for purposes of ORCP 21 A(3), whether another action is pending for the "same cause" generally depends on whether claim-preclusion principles would prohibit a party, following entry of judgment in the first action, from bringing the second action.

Of critical importance here is another claim-preclusion principle that operates as an exception to the general rule against "claim-splitting." As we explained in *Ram Technical Services, Inc.*, "in the absence of a compulsory counterclaim statute, claim preclusion *does not apply* when the plaintiff in the second case failed, *as a defendant in the first case*, to raise a counterclaim." *Id.* at 630-31 (internal quotation marks omitted; emphases added). That is because, in the absence of such an exception, Oregon would effectively become a compulsory-counterclaim state, even though Oregon law is to the contrary. *Id.* at 631 (citing *Burlington Northern v. Lester*, 48 Or App 579, 583, 617 P2d 906 (1980)).

But there is an exception to the exception. If the first case "*'necessarily adjudicated* the claim that the plaintiff pleads in the second case, that claim is precluded.'" *Id.* (quoting *G. B.*, 229 Or App at 609) (emphasis in *Ram Technical Services, Inc.*). The "necessarily adjudicated" rule derives from the doctrine of issue preclusion, which "precludes future litigation on a subject issue only if the issue was actually litigated and determined in a setting where its determination was essential to the final decision reached." *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990) (internal quotation marks omitted).

To summarize, in the absence of a compulsory-counterclaim rule, a party who is a defendant in one action is not barred by claim-preclusion principles from bringing a claim as a plaintiff in another action, *unless* the claim in the second action was necessarily adjudicated in the first action. Accordingly, we conclude that a trial court cannot dismiss a claim under ORCP 21 A(3) that is brought by a plaintiff who is a defendant in the other action pending, unless that claim either (1) was required to be asserted as a counterclaim or (2) was or necessarily will be adjudicated in the other action.

Returning to the procedural facts before us, the trial court was correct to seek guidance from claim-preclusion and issue-preclusion rules in determining whether the federal TILA action was for the "same cause" as the state foreclosure action. The trial court's analysis, however, fails to reflect the fact that Fannie Mae is the defendant in the TILA action and the plaintiff in the state action. Because of that, the ORCP 21 A(3) analysis is more complex than what the trial court evidently undertook.

First, as noted, the general claim-preclusion rule against claim splitting has a major exception in that claim preclusion will not bar a plaintiff from asserting a claim that could have been raised by the same party as a *defendant* in the earlier action. But that exception only applies in the absence of a compulsory-counterclaim rule. *Ram Technical Services, Inc.*, 240 Or App at 630-31. Here, the "other action pending" is in federal court, which *does* have a compulsory-counterclaim rule. *See* FRCP 13(a)(1)(A) (providing that a "pleading must state as a counterclaim any claim that * * * arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). Thus, the proper analysis under ORCP 21 A(3) begins with the recognition that Fannie Mae is the defendant in the federal TILA action and is therefore not barred from bringing a different claim as a plaintiff in the state action *unless* Fannie Mae was required to assert that claim as a counterclaim under FRCP 13(a)(1)(A). In determining whether a counterclaim is compulsory, that is, whether it is one arising from the "same transaction or occurrence," a court considers whether the cases involve different factual or legal issues. *See Sealy, Inc. v. Easy Living, Inc.*, 743 F2d 1383-84 (9th Cir 1984).

Second, even if Fannie Mae was not required to raise its claim as a counterclaim in the TILA action, preclusion principles could theoretically still bar Fannie Mae's claim under the "necessarily adjudicated" rule. That is, if Fannie Mae's claim will be "necessarily adjudicated" in the TILA action, Fannie Mae may not bring it in state court even though Fannie Mae is the plaintiff here and is a defendant in the TILA action.

In sum, the correct question to determine whether another pending action is the 'same cause' under ORCP

21 A(3) is not the one that the trial court asked—whether Barnes would be precluded from asserting rescission of the mortgage loan if his federal TILA action proves unsuccessful on appeal. Rather, because this case is an instance where the plaintiff is a defendant in the other pending action, the court must ask whether asserting a foreclosure claim was required as a compulsory counterclaim in federal court under FRCP 13(a)(1)(A), or whether issues raised in this foreclosure action will be 'necessarily adjudicated' in the federal action.

For the foregoing reasons, we conclude that the trial court based its analysis of Barnes's ORCP 21 A(3) motion on an incorrect legal standard. Accordingly, we vacate the judgment of dismissal and remand for further proceedings. *See Williams v. Salem Women's Clinic*, 245 Or App 476, 483, 263 P3d 1072 (2011) ("When a trial court has applied an incorrect legal standard in assessing a party's claim, we sometimes remand so the trial court may apply the correct standard in the first instance."). In light of this disposition, we need not address Fannie Mae's second assignment of error.[4]

Motion to dismiss denied; vacated and remanded.

---

[4] This opinion should not be construed as precluding the trial court from granting a stay of this action pending the resolution of Barnes's federal appeal, should the court find it appropriate to do so. *See Bonneville Auto. Ins. Co. v. Ins. Div.*, 53 Or App 440, 447, 632 P2d 796 (1981) ("Generally, the possibility of collateral estoppel is a proper basis for staying one proceeding pending determination in the other."); *Hancock v. Pioneer Asphalt, Inc.*, 276 Or App 875, 883, 369 P3d 1188 (2016) ("We understand the reference * * * to 'res judicata or collateral estoppel' to include the concept that we now refer to as 'issue preclusion.'").