Argued and submitted November 18, 2020, reversed and remanded
August 18, 2021

Cara Lee BOROUGH
and Loren M. Caldwell,
*Petitioners-Appellants,*

*v.*

Betty H. CALDWELL,
as Trustee of the Loren M. Caldwell Trust;
Betty Caldwell, an individual;
Cody Duerst, an individual;
Sophia Duerst, an individual; and
Caliber Home Loans, Inc., a Delaware corporation,
*Respondents-Respondents.*

Marion County Circuit Court
19PB05760; A172579

497 P3d 766

This case involves the same parties as *Borough v. Caldwell (A171075)*, 314 Or App 48, 497 P3d 1260 (2021) (*Borough I*), also decided today. Petitioners filed a petition in the probate court seeking to invalidate the sale of certain real property held in trust—the sale having occurred after the trial court granted summary judgment in *Borough I*—and to remove the trustee based on her alleged breach of fiduciary duties to petitioners as the trust beneficiaries. The probate court dismissed petitioners' claims under ORCP 21 A(3), based on "another action pending between the same parties for the same cause," viewing them as essentially barred by claim preclusion. Petitioners challenge that ruling on appeal. *Held*: The probate court erred in dismissing petitioners' claims under ORCP 21 A(3) based on claim preclusion.

Reversed and remanded.

Thomas M. Hart, Judge.

Matthew J. Kalmanson argued the cause for appellants. Also on the briefs was Hart Wagner LLP.

J. Kevin Shuba argued the cause for respondent Betty H. Caldwell, as Trustee, and respondent Betty Caldwell, individually. Also on the brief was Garrett Hemann Robertson P.C.

Elena Martinis Farley argued the cause for respondents Cody Duerst and Sophia Duerst. Respondents Cody

Duerst and Sophia Duerst joined the brief of the Caldwell respondents.

No appearance for respondent Caliber Home Loans, Inc.

Before Armstrong, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

AOYAGI, J.

Reversed and remanded.

**AOYAGI, J.**

This case involves the same parties as *Borough v. Caldwell (A171075),* 314 Or App 48, 497 P3d 1260 (2021) (*Borough I*), also decided today. Both cases arise from a trust created in 2008, the settlor's execution of an option agreement in 2015 to give Cody and Sophia Duerst (Duersts) an option to purchase the main trust asset on specified terms, the successor trustee's expressed intention in 2018 to sell the asset to the Duersts on the terms provided in the option agreement, and a resulting dispute between the successor trustee (Betty Caldwell) and the adult children of the settlor (petitioners).[1]

In *Borough I*, the trial court ruled on summary judgment that the option agreement was "valid" and that petitioners were not entitled to an order directing Betty to sell the property to them. *Id.* at 50. We have now affirmed those rulings on the merits. *Id.* (vacating the judgment and remanding for a declaration of the parties' rights, but affirming the summary judgment rulings on the merits). In this case—to which we refer as *Borough II* when needed for clarity—petitioners filed a petition in the probate court seeking (1) to invalidate Betty's sale of the property to the Duersts, which took place after the trial court ruled in *Borough I* that the option agreement was valid, and (2) to remove Betty Caldwell as trustee and surcharge her, based on her breaching her fiduciary duties to the beneficiaries by selling the property on the terms that she did. The probate court dismissed those claims under ORCP 21 A(3), based on "another action pending between the same parties for the same cause." Petitioners appeal. We agree that the probate court erred in dismissing petitioners' claims.

## FACTS

The initial events giving rise to the claims in this case are already described in *Borough I*, 314 Or App at 50-53. In short, Loren Caldwell created a revocable trust in

---

[1] Petitioners were the "plaintiffs" in *Borough I*. Betty and the Duersts, who are aligned, are "respondents" in this case and were the "defendants" in *Borough I*.

2008. The main trust asset was a farm property in Silverton. In 2015, Loren executed an option agreement, granting the Duersts an option to purchase the Silverton property on particular terms after both Loren and his wife Betty died. Loren died in 2016, and Betty became successor trustee of the trust. In March 2018, Betty notified petitioners— who are trust beneficiaries—that she intended to sell the property to the Duersts on the terms in the option agreement. Opposed to that plan, petitioners filed a declaratory judgment action in August 2018, seeking a declaration that the option agreement was "null, void, and of no effect" and a court order requiring Betty to sell the property to petitioners. The trial court ruled on summary judgment that the option agreement was "valid" and that it would not order Betty to sell the property to petitioners. The court announced its ruling orally on February 28, 2019, and entered a written order on March 11, 2019. The court then entered a general judgment for Betty and the Duersts on April 30, 2019, which petitioners timely appealed.

Meanwhile, a little over a week after the trial court entered its summary judgment order in *Borough I*, Betty, acting as trustee, sold the Silverton property to the Duersts for $315,000, which was $15,000 more than the option price. The Duersts obtained bank financing, thereby paying the trust in full, rather than making monthly payments to the trust for 30 years as provided in the option agreement. As described in the petition (and supported by evidence offered in opposition to respondents' motion):

> "On or about March 20, 2019, without notice to or the consent of Petitioners, Betty Caldwell, acting as Successor trustee of the Trust, sold the [Silverton] property, farm equipment and improvements thereon to Respondents Cody Duerst and Sophia Duerst for $315,000 pursuant to a land sale contract. Petitioners have been advised, and so allege on information and belief, that Respondents Cody Duerst and Sophia Duerst thereafter paid off the land sale contract through a loan from Respondent Caliber Home Loans, Inc, secured by a deed of trust recorded April 23, 2019. Respondents Cody Duerst and Sophia Duerst now hold legal title to the [Silverton] property, subject to that deed of trust."

Petitioners also put in evidence that Betty did not reveal the terms of the sale to them until late May, after the trial court entered judgment in *Borough I*.

Based on the foregoing events, petitioners filed this action in July 2019, asserting two claims. In their first claim, petitioners seek to have Betty removed as trustee—on the ground that her sale of the property to the Duersts for $315,000 "was a prohibited conflict of interest transaction under ORS 130.655 in which she favored the interests of [the Duersts], who were not beneficiaries of the Trust, over the interests of [petitioners], who were and are beneficiaries of the Trust"—and to surcharge Betty "in an amount not less than $452,000, representing the difference between the sale price and the actual fair market value of the [Silverton] property and its improvements and equipment, or such sum as may be proven at trial." In their second claim, petitioners seek to have the sale to the Duersts declared void and invalidated.

Respondents moved to dismiss petitioners' claims under ORCP 21 A(3). The probate court granted the motion, describing the situation as "claim splitting," and stating in its general judgment of dismissal that "there is another action pending between the same parties for the same cause and it is barred by claim preclusion."

## ANALYSIS

ORCP 21 A(3) authorizes the court to dismiss a claim for relief when "there is another action pending between the same parties for the same cause." Parties may present evidence outside the pleadings in support of or in opposition to an ORCP 21 A(3) motion. *Lee v. Mitchell*, 152 Or App 159, 163, 953 P2d 414 (1998). We review the dismissal of a claim under ORCP 21 A(3) for errors of law. *Id.*

Preliminarily, we note that, strictly speaking, new claims cannot be "barred by claim preclusion" (to use the probate court's phrase) when the merits of an earlier case "remain in dispute at some judicial level." *Federal Natl. Mortgage v. United States of America*, 279 Or App 411, 414 n 3, 380 P3d 1186 (2016). If the first case is still "pending," ORCP 21 A(3) governs dismissal. *Eli v. Lampert (A116201)*,

194 Or App 280, 285, 94 P3d 170 (2004), *rev den*, 338 Or 57 (2005). It is only *after* the entry of final judgment in the first case that claim preclusion literally applies. *Lee*, 152 Or App at 165. Here, *Borough I* was still "pending"—it was on appeal in this court—when the probate court dismissed petitioners' claims in *Borough II*, and so claim preclusion did not literally apply. We understand the probate court to have been speaking loosely when it said that the claims were "barred by claim preclusion," as do respondents at times in their briefing, and we clarify the point only to avoid potential confusion.

Although claim preclusion does not literally apply until the entry of final judgment in an earlier case, "[t]he question under ORCP 21 A(3) of whether another action pending is for the 'same cause' is *informed* by the doctrines of claim and issue preclusion." *Federal Natl. Mortgage*, 279 Or App at 415 (emphasis added). Our task is to determine whether the eventual final judgment in *Borough I* "*would* have a preclusive effect" on petitioners' claims in this case. *Lee*, 152 Or App at 165 (emphasis added); *see also Eli*, 194 Or App at 285 (same). We focus particularly on the potential claim-preclusive effect of the eventual final judgment in *Borough I*, because the probate court expressly invoked claim preclusion principles in dismissing petitioners' claims.

Claim preclusion applies when "a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties" has brought "another action against the same defendant" and the claim in the second action "is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982). The purposes of claim preclusion include preventing "harassment of defendants by successive legal proceedings," "economy of judicial resources," and keeping claimants "from having two bites at the apple." *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 192, 194, 531 P2d 266 (1975). Similarly, the purposes of ORCP 21 A(3) are "to provide finality to the conclusion of a dispute," "prevent splitting a single dispute into separate

controversies," and not require "a party to litigate the same claim twice on the merits." *Webb v. Underhill*, 174 Or App 592, 597, 27 P3d 148 (2001).

In determining whether the judgment in a first action will have preclusive effect on the claims in a second action, "our focus is on the transaction at issue in the plaintiff's claim, with claim preclusion applying to all claims against the defendant that were available to the plaintiff arising from that transaction, whether or not the plaintiff actually asserted them." *Eli*, 194 Or App at 285 (internal quotation marks omitted). "A 'transaction,' for claim preclusion purposes, is a group of facts that entitles the plaintiff to relief, with its precise boundaries determined pragmatically in the particular case, emphasizing considerations of practical trial convenience." *Lee*, 152 Or App at 166; *see also Eli*, 194 Or App at 285-86 ("Whether a constellation of factual circumstances constitutes a single 'factual transaction' is determined pragmatically, by giving weight to considerations that include time, space, origin, motivation, the similarity of the acts, and whether the events form a convenient trial unit."). Whether claim preclusion applies in any situation is a fact-intensive question. *Krisor v. Lake County Fair Board*, 256 Or App 190, 196, 302 P3d 455, *rev den*, 354 Or 61 (2013).

Here, as an initial matter, we note that both petitioners and respondents have taken markedly different positions in the two appeals as their interests suit them. As to what was at issue in *Borough I*, petitioners have taken a broad view in the *Borough I* appeal, while taking a narrow view in the *Borough II* appeal. The converse is true for respondents. As to what was at issue in *Borough I*, respondents have taken a narrow view in the *Borough I* appeal but a broad view in the *Borough II* appeal. Such inconsistencies bring to mind principles of judicial estoppel, which concern "the integrity of the judicial process." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 612, 892 P2d 683 (1995) (emphasis omitted). Ultimately, however, we decide this appeal based on what was *actually* at issue in *Borough I* and mostly disregard the parties' self-serving characterizations. No one has requested the application of judicial estoppel, the appeals were decided at the same time, and no one has benefited

from any inconsistent positions in *Borough I*. *See id*. at 609-12.

Turning to the merits, we agree with petitioners that the probate court erred in dismissing their claims. Both of petitioners' claims in this action—to remove Betty as trustee and surcharge her, and to invalidate the sale to the Duersts—arose from the sale that occurred *after* the trial court granted summary judgment in *Borough I*. Moreover, petitioners did not learn the terms of that sale until after the trial court entered judgment in *Borough I*. Petitioners could have awaited the outcome of their appeal in *Borough I* and then, if the appeal succeeded, sought permission on remand to add new claims for trustee removal, surcharge, and invalidation of the sale to the Duersts. But, given the timing and circumstances, petitioners' choice to file a new action was not claim splitting. It was triggered by the occurrence of a new transaction, after summary judgment was granted on both of their claims in *Borough I*.

That petitioners' claims in *Borough I* are for declaratory relief is also inextricably intertwined with the claim preclusion analysis.[2] The *Restatement (Second) of Judgments* (1982) is persuasive authority to which "we often look \*\*\* for guidance in deciding questions of claim and issue preclusion," although "we are not bound by it." *Petersen v. Gangle*, 135 Or App 514, 519, 899 P2d 725 (1995). Looking to section 33 of the *Restatement*, we held in *O'Connor v. Zeldin*, 134 Or App 444, 446, 895 P2d 809 (1995), that the plaintiff was not precluded from bringing a claim for damages for breach of a settlement agreement, where she had previously secured a declaratory judgment that the settlement agreement was "valid, binding and enforceable." The trial court had dismissed the complaint on claim preclusion grounds, reasoning that the plaintiff could have sought supplementary relief in the first action. *Id*. We reversed, agreeing with the

_____

[2] Invoking preservation requirements, respondents urge us not to consider petitioners' arguments regarding the significance of their having sought *declaratory* relief regarding a *prospective* sale in *Borough I*. Independently assessing preservation, *see Harrison v. Hall*, 211 Or App 697, 701, 156 P3d 141, *rev den*, 343 Or 159 (2007), we conclude that, although petitioners have developed their arguments further on appeal, including citing specific authority, they adequately preserved the issue for us to consider it on appeal.

*Restatement*'s rationale for treating declaratory relief claims differently than other claims for claim preclusion purposes, including its statement:

> "'When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. \*\*\* *Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.*'"

*Id.* at 447 (quoting *Restatement (Second) of Judgments* § 33 comment c (1982) (emphasis in *O'Connor*)). We were "persuaded by the reasoning in those cases and comments" and, accordingly, reversed the dismissal of the plaintiff's complaint in the second action. *Id.* at 448.

Consistent with *O'Connor*, the *Restatement*, and the decisions of many other jurisdictions, we agree with petitioners that, at least generally speaking, a plaintiff who has won or lost a declaratory judgment action "may \*\*\* bring a subsequent action for other relief, subject to the constraint of the determinations made in the declaratory action," because "a declaratory action determines only what it actually decides[3] and does not have a claim preclusive effect on other contentions that might have been advanced." *Restatement (Second) of Judgments* § 33 comment c ("Effects as to matters not declared"); *see also Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F3d 48, 56 (1st Cir 2008) ("A canvass of the decisions in other jurisdictions is instructive. The vast majority of states that have addressed this problem unapologetically apply a special rule of claim preclusion, consistent with that of section 33 of the Second Restatement, in the declaratory judgment context.").

---

[3] Regarding what was "actually decided" in *Borough I*, we note that Betty and the Duersts each pleaded a counterclaim seeking a declaration that it would be consistent with Betty's trustee duties for her to sell the Silverton property to the Duersts under the terms of the option agreement or on "similar" terms. *Borough I*, 314 Or App at 52. The trial court dismissed those counterclaims without prejudice, and without ruling on their merits, and no one appealed that ruling. *See id.* at 53. Consequently, that issue was not actually litigated in *Borough I* and would not give rise to issue preclusion. *See Federal Natl. Mortgage*, 279 Or App at 415-16.

Accordingly, the probate court erred in dismissing petitioners' claims under ORCP 21 A(3).

Reversed and remanded.