No. 1039          December 3, 2025          407

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Alma GARCIA HERNANDEZ,
*Plaintiff-Appellant,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON,
*Defendant-Respondent.*

Multnomah County Circuit Court
24CV11708; A185111

Eric L. Dahlin, Judge.

Argued and submitted October 28, 2025.

Ralph C. Spooner argued the cause for appellant. Also on the briefs were Ryan P. Bickler, David E. Smith, and Spooner Staggs Trial Lawyers.

Jacqueline Tokiko Mitchson argued the cause for respondent. Also on the brief were Peder Rigsby, Sean D. McKean, and Bullivant Houser Bailey, PC.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff appeals a judgment dismissing with prejudice her personal injury protection (PIP) and negligence claims against defendant, her insurer, following an order granting defendant's motion to compel arbitration of the PIP claim and dismiss the negligence claim. Plaintiff argues, in the main, that the trial court erred in dismissing her negligence claim because she has a constitutional right to be heard by a jury on that claim. We conclude that the trial court did not err and affirm.

The key facts are relatively few and undisputed. In December 2021, plaintiff was injured in a car accident and sought payment of medical bills through her insurance policy provided by defendant. Following an independent medical examination (IME) that defendant requested around June 2022, defendant refused to pay medical benefits. Plaintiff's insurance policy provided that "[i]f any person making a claim and we do not agree as to the amount of payment under this part, either that person or we may elect by mutual agreement that the issue be decided by arbitration." In August 2022, plaintiff then made a "formal request" to move her claim "into PIP arbitration." In that request, plaintiff wrote, "We are appealing the IME decision and the non-payment of medical bills." Defendant agreed to binding arbitration, writing, "As there are no issues as to coverage, with the only issue being the extent of the PIP benefits to which [plaintiff] is entitled, Farmers agrees to binding arbitration of this matter."

The parties proceeded with arbitration: Plaintiff responded to a request for production and sat for a deposition, the parties selected an arbitrator, and an arbitration date was set. The parties also agreed that plaintiff's uninsured motorist (UM) claim, which had been proceeding separately, could be heard and arbitrated at the same time. After hiring different counsel, however, plaintiff removed her PIP claim—but not her UM claim—from arbitration and filed it in court, along with a new negligence claim relating to defendant's handling of her PIP claim. Defendant moved to force plaintiff to arbitrate her PIP claim alongside her UM claim that was still in arbitration, per the parties'

agreement, or, alternatively, to dismiss plaintiff's complaint because the pending arbitration of plaintiff's UM claim represented "another action pending between the same parties for the same cause." ORCP 21 A(1)(c). Plaintiff argued that the new negligence claim, based on the Supreme Court's decision in *Moody v. Oregon Community Credit Union*, 371 Or 772, 542 P3d 24 (2023), was unavailable to her at the time she requested arbitration.

The trial court granted defendant's motion. The court first concluded that, based on the language in the parties' communications, the parties had agreed to binding arbitration on the PIP claim. Thus, it reasoned, plaintiff's PIP claim should be sent back to arbitration. As to the *Moody* claim, however, the court found that there was no agreement between the parties on whether to arbitrate it. Despite this, the court determined that, by sending plaintiff's PIP claim back to arbitration, the *Moody* claim would have to be dismissed "on the grounds that there's another action pending," *i.e.*, the arbitration. The court additionally addressed plaintiff's constitutional right to a jury trial and concluded that plaintiff's agreement to arbitrate her PIP claim effectively waived her right to a jury trial for all related claims:

> "[E]ven though there wasn't a discussion at the time there was a waiver of a jury trial to go to arbitration on the other issues, a party, once they decide to file an action, whether that's in arbitration or in court, is required to bring all of those claims together under the doctrines of claim preclusion and also claim splitting under [ORCP] rule 21. And, by making a decision to waive the jury trial on the one claim, even if they bring a future claim that they weren't aware of or they didn't think of, that ultimately acts as a waiver as to the additional claims."

On appeal, the parties reiterate the arguments they made below. Plaintiff argues that she did not waive her constitutional right to have a jury hear her negligence claim and that the arbitration proceedings do not constitute "another action pending." Defendant contends that, by agreeing to arbitrate her PIP claim, plaintiff waived her jury trial rights to her negligence claim, and the trial court did not err in dismissing plaintiff's negligence claim because it could have been brought in her existing arbitration.

We begin with the trial court's conclusion that plaintiff's negligence claim should be dismissed because the PIP claim arbitration was another action "pending between the parties for the same cause."[1] We review dismissal under ORCP 21 A(1)(c) for errors of law. *Borough v. Caldwell (A172579)*, 314 Or App 62, 66, 497 P3d 766 (2021).

A defendant may move to dismiss a plaintiff's complaint if "there is another action pending between the same parties for the same cause." ORCP 21 A(1)(c). "The question under ORCP 21 [A(1)(c)] of whether another action pending is for the 'same cause' is informed by the doctrines of claim and issue preclusion." *Federal Natl. Mortgage v. United States of America*, 279 Or App 411, 415, 380 P3d 1186 (2016). Claim preclusion applies when a plaintiff who has prosecuted one action against a defendant through to a final judgment brings another action against the same defendant "and the claim in the second action is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Borough*, 314 Or App at 67 (internal quotation marks omitted). "The doctrine bars not only claims that were raised in the first action, but claims that could have been raised there." *Krisor v. Lake County Fair Board*, 256 Or App 190, 194, 302 P3d 455, *rev den*, 354 Or 61 (2013). Its purposes "include preventing 'harassment of defendants by successive legal proceedings,' 'economy of judicial resources,' and keeping claimants 'from having two bites at the apple.'" *Borough*, 314 Or App at 67 (quoting *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 192, 194, 531 P2d 266 (1975)). Although claim preclusion does not apply until *after* a claim is definitively resolved, to determine whether another action is for the "same cause," we must determine whether the eventual final arbitration result "'*would* have a preclusive effect' on [plaintiff's] claim[]" in this case." *Id.* (quoting *Lee v. Mitchell*, 152 Or App 159, 165, 953 P2d 414 (1998)) (emphasis in *Borough*).

Claim preclusion also applies to arbitration proceedings. *Shuler v. Distribution Trucking Co.*, 164 Or App 615, 623,

---

[1] Plaintiff does not challenge the ruling that her PIP claim was subject to binding arbitration.

994 P2d 167 (1999), *rev den*, 330 Or 375 (2000) ("[W]hether, in principle, issue and claim preclusion apply to arbitration proceedings has not been seriously doubted for decades."); *see also Helton v. Phillips*, 155 Or App 217, 224, 963 P2d 100 (1998) (determining that claim preclusion did not bar defendant's counterclaim, notwithstanding prior arbitration between the parties, when counterclaims were "not based on the same factual transaction that was at issue in the prior arbitration" (internal quotation marks omitted)); *Restatement (Second) of Judgments* § 84 comment b (1982) ("Assuming that the arbitration procedure has the elements of validity and has become final, it should be accorded claim preclusive effect unless a scheme of remedies requires that it be denied such effect.").

Applying those principles here, we conclude that, had the parties' arbitration proceeded to a final resolution, plaintiff's negligence claim would have been precluded under claim preclusion principles. First, plaintiff's negligence claim is based on the same factual transaction as the PIP arbitration. According to plaintiff's complaint, defendant was negligent by the following violations of ORS 746.230:

- Failing to conduct a reasonable investigation

- Not attempting in good faith to promptly and equitably settle claims

- Attempting to settle claims for less than a reasonable amount

- Compelling plaintiff to initiate litigation

*See* ORS 746.230(1) (listing unfair claim settlement practices). Those allegations stem from the same factual underpinnings as plaintiff's PIP claim: the *manner* of the denial of plaintiff's claim rests wholly on *the denial* of plaintiff's claim. *See Stone v. Beneficial Standard Life*, 273 Or 594, 598-99, 542 P2d 892 (1975) (determining that a claim for tortious breach of an insurance contract constitutes the same factual transaction as the underlying contract claim for claim preclusion purposes).

Next, plaintiff's claim is "of such a nature as could have been joined in the first action." As a threshold matter,

plaintiff's *Moody* claim was available to her at the time she requested arbitration, as we had recognized that cause of action in *Moody v. Oregon Community Credit Union*, 317 Or App 233, 505 P3d 1047 (2022), *aff'd*, 371 Or 772, 542 P3d 24 (2023), decided prior to her request. Next, the parties' arbitration agreement, as written in the insurance policy, encompasses arbitrating by mutual agreement claims related to "the amount of payment." That includes plaintiff's negligence claim, as it rises and falls on plaintiff's PIP claim, which itself is based on the amount of payment by defendant to plaintiff under the policy.

That interpretation is in line with defendant's statutory obligation, as an issuer of car insurance, to arbitrate disputes "about the amount of personal injury protection benefits, or about the denial of personal injury protection benefits *** if mutually agreed to at the time of the dispute." ORS 742.520(6). Those disputes may include not only claims related to amount or denial of benefits, but also underlying tort claims that rise and fall on the PIP claim itself. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 326 Or 294, 952 P2d 1012 (1998) (answering certified questions from federal court on types of disputes subject to mandatory PIP claim arbitration under ORS 742.520(6) (1995), *amended by* Or Laws 1997, ch 808, § 3); *Eggiman v. Mid-Century Ins. Co.*, 134 Or App 381, 388, 895 P2d 333 (1995) (PIP claim for nonpayment encompasses claims such as withholding of preauthorization). For example, in *Foltz*, the Supreme Court noted that a plaintiff's fraud claim against her insurer based on its denial or reduction of PIP benefits was subject to mandatory PIP claim arbitration under an older version of ORS 742.520(6) (1995). 326 Or at 300 ("There is nothing unique about fraud, negligence, or breach of contract claims that suggests that an arbitrator cannot resolve disputes in which such claims are made."). That statute required that "[d]isputes between insurers and beneficiaries about the amount of personal injury protection benefits, or about the denial of personal injury protection benefits" go to arbitration. Although ORS 742.520(6) no longer requires arbitration, the language about "disputes" has not been amended. Plaintiff's negligence claim alleges, at its core, that defendant was negligent in failing to pay plaintiff's medical

expenses pursuant to plaintiff's PIP policy. Under *Foltz*, such a claim is a "dispute" about the "amount" or "denial" of PIP benefits.

Turning to the last claim preclusion requirement, plaintiff's negligence claim, which seeks emotional distress damages, clearly "seeks a remedy additional or alternative to the one sought earlier." Thus, we conclude that the trial court did not err in dismissing plaintiff's negligence claim under ORCP 21 A(1)(c). That result is consistent with the policy concerns undergirding claim preclusion as well: preventing "harassment of defendants by successive legal proceedings," protecting the "economy of judicial resources," and keeping claimants "from having two bites at the apple." *Borough*, 314 Or App at 67 (internal quotation marks omitted).

Finally, we address plaintiff's argument that her constitutional right to a jury trial was violated by essentially requiring her to arbitrate her negligence claim. We conclude that it was not, because plaintiff waived her right by voluntarily agreeing to arbitrate her PIP claim.

Article I, section 17, of the Oregon Constitution provides, "In all civil cases the right of Trial by Jury shall remain inviolate." In addition, Article VII (Amended), section 3, of the Oregon Constitution provides that "[i]n actions at law, where the value in controversy shall exceed $750, the right of trial by jury shall be preserved * * *."

That jury right, however, can be waived when a party agrees to binding arbitration of a dispute. *Carrier v. Hicks*, 316 Or 341, 352, 851 P2d 581 (1993). In addition, such a waiver need not be express, but can be implied through a party's voluntary conduct. *See The Hays Group, Inc. v. Biege*, 222 Or App 347, 351, 193 P3d 1028 (2008) (voluntarily entering into contract that stated claims would be settled by binding arbitration constituted permissible implicit waiver of right to jury trial on those claims).

Plaintiff, here, entered into arbitration voluntarily. Moreover, plaintiff was represented by counsel who knew (or should have known) that all her claims from the same factual transaction would need to be brought in arbitration, or else likely be precluded. *See Barackman v. Anderson*, 192

Or App 176, 179-80, 84 P3d 830 (2004), *aff'd*, 338 Or 365, 109 P3d 370 (2005) (reaffirming *Shuler* that claim preclusion undoubtedly applies in arbitration proceedings and that application does not violate a plaintiff's right to a jury trial); *but see Barackman v. Anderson*, 214 Or App 660, 669, 167 P3d 994 (2007), *rev den*, 344 Or 401 (2008) (recognizing that preclusion does not categorically apply to every arbitration proceeding). Plaintiff, by her conduct, showed a willingness to arbitrate—she participated in the discovery process, the parties selected an arbitrator, and chose an arbitration date. In those circumstances, plaintiff waived her constitutional right to a jury on her negligence claim that stemmed from the same factual transaction as her PIP claim.[2]

Affirmed.

---

[2] We take judicial notice of the arbitration award that plaintiff received following the trial court's decision in her case, including the fact that defendant paid out plaintiff's PIP claim just prior to arbitration. We recognize that there is some tension between applying claim preclusion principles in the PIP arbitration context (*i.e.*, a procedure that necessarily lacks a jury), and the right to a jury. Should the legislature wish to prevent PIP arbitration from being used in that manner, it has the power to do so. *See* ORS 742.521(2)(c) (findings and awards in PIP arbitration "[m]ay not be used for the purpose of collateral estoppel").